<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | |
|---|---|
| MICHAEL TIRADO,  ) | |
| ) | Civil Action |
| Plaintiff  ) | No. 12-cv-00552 |
| ) | |
| vs.  ) | |
| ) | |
| MONTGOMERY COUNTY, PENNSYLVANIA, ) | |
| a Political Subdivision of the ) | |
| Commonwealth of Pennsylvania, ) | |
| Operating as the Montgomery ) | |
| County Correctional Facility; ) | |
| C.O. DAVIS, ) | |
| Individually and in his ) | |
| Professional Capacity as a ) | |
| Correctional Officer at the ) | |
| Montgomery County Correctional ) | |
| Facility; and ) | |
| C.O. BANKS, ) | |
| Individually and in his ) | |
| Professional Capacity as a ) | |
| Correctional Officer at the ) | |
| Montgomery County Correctional ) | |
| Facility, ) | |
| ) | |
| Defendants  ) | |

\*   \*   \*

APPEARANCES:

        WILLIAM J. FAUST, II, ESQUIRE
            On behalf of Plaintiff

        PHILIP W. NEWCOMER, ESQUIRE
            On behalf of Defendants

\*   \*   \*

<u>O P I N I O N</u>

JAMES KNOLL GARDNER
United States District Judge

        This matter is before the court on the Motion of

Defendants Montgomery County, C.O. Davis and C.O. Banks for the

Partial Dismissal of Plaintiff's Complaint, which motion was

filed on March 9, 2012 together with a memorandum of law. Plaintiff's Response in Opposition to Defendants Montgomery County, C.O. Davis and C.O. Banks' for the Partial Dismissal of Plaintiff's Complaint was filed on March 23, 2012 together with a memorandum of law.

<u>SUMMARY OF DECISION</u>

For the following reasons, I grant in part and deny in part defendants' partial motion to dismiss. Specifically, I deny defendants' motion to dismiss plaintiff's claim in Count I against defendant Montgomery County for failure to train based upon a "single violation" theory. I conclude that plaintiff has averred sufficient facts to withstand a motion to dismiss on this claim.

However, I grant defendants' motion to dismiss plaintiff's claim in Count I against defendant Montgomery County for failure to train based upon a "pattern of violations" theory and on his failure to supervise claim in Count I against defendant Montgomery County based upon either a "single violation" or "pattern of violations" theory, with leave to file an Amended Complaint to re-plead those aspects of Count I. I conclude that plaintiff has not plead any facts to support a "pattern of violations" theory for either a failure to train or a failure to supervise claim. Furthermore, I conclude that

plaintiff has not pled any facts to support a "single violation" theory for a failure to supervise claim.

I grant defendants' motion to dismiss Count II of plaintiff's Complaint alleging a violation of Article I, § 13 of the Pennsylvania Constitution because I conclude that there is no private cause of action for money damages permitted under Pennsylvania law.

I grant defendants' motion to dismiss Count III of plaintiff's Complaint alleging a cause of action for negligence because plaintiff concedes that his claim against defendant Montgomery County should be dismissed and because I conclude that defendants Davis and Banks are immune from suit for a claim of negligence based upon the facts of this case.

I grant defendants' motion to dismiss claims against defendant Montgomery County in Counts IV and V by agreement of plaintiff.  Furthermore, I grant defendants' motion to dismiss plaintiff's claims in Counts IV and V against defendants Davis and Banks in their official capacity because such claims are actually claims against defendant Montgomery County.

Finally, I grant defendants' motion to dismiss plaintiff's request for attorneys' fees on plaintiff's state-law claims contained in Counts II through V because I dismiss Counts II and III in their entirety and because plaintiff is not

entitled to attorneys' fees under Pennsylvania law on Counts IV and V.

## JURISDICTION

Jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff brings claims under 42 U.S.C. § 1983.  This court also properly has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff's state law claims, which are part of the same case or controversy.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Eagleville, Montgomery County, Pennsylvania, which is located in this judicial district.  See 28 U.S.C. §§ 118, 1391(b).

## PROCEDURAL HISTORY

This matter is before the court on the Complaint filed February 2, 2012 by plaintiff Michael Tirado.  Defendants filed a motion for partial dismissal of the Complaint on March 9, 2012, which motion, having been briefed by the parties, is now before the court for disposition.

## STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the

court to examine the sufficiency of the complaint. <u>Conley v.</u>
<u>Gibson</u>, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84
(1957) (abrogated in other respects by <u>Bell Atlantic</u>
<u>Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955,
167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to
dismiss, the court relies on the complaint, attached exhibits,
and matters of public record, including other judicial
proceedings.  <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir.
2008).

Except as provided in Federal Rule of Civil
Procedure 9, a complaint is sufficient if it complies with
Rule 8(a)(2), which requires "a short and plain statement of the
claim showing that the pleader is entitled to relief".  Rule
8(a)(2) does not require heightened fact pleading of specifics,
but only enough facts to state a claim to relief that is
plausible on its face.  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct.
at 1974, 167 L.Ed.2d at 949.[1]

In determining whether a complaint is sufficient, the
court must accept all factual allegations as true, construe the
complaint in the light most favorable to the plaintiff, and

---

[1]    The United States Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>,
556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states
clearly that the "facial plausibility" pleading standard set forth in <u>Twombly</u>
applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>,
578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then
"allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged", and that plaintiff is entitled to relief.
<u>Fowler</u>, 578 F.3d at 210 (quoting <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949,
173 L.Ed.2d at 884).

determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  Phillips, 515 F.3d at 231.  Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." Iqbal, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

### PLAINTIFF'S CLAIMS

On February 2, 2012 plaintiff Michael Tirado filed his Complaint alleging five causes of action against defendants Montgomery County, Pennsylvania, and Montgomery County Corrections Officers Davis and Banks in both their individual and official capacities.  The parties do not identify the first names of the two corrections officers.

Count I alleges a claim under 42 U.S.C. § 1983 for violation of plaintiff's right to be free from cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.  Specifically, plaintiff contends that Corrections Officers Davis and Banks violated his Eighth

-7-

Amendment rights by using excessive force on him and that defendant Montgomery County was deliberately indifferent to plaintiff's Constitutional rights by failing to properly train and supervise defendants Davis and Banks.

Count II avers a state-law claim against all three defendants for violation of Article I, § 13 of the Pennsylvania Constitution.  Count III asserts a state-law claim for negligence against all three defendants.  Count IV alleges a state-law cause of action against all defendants for assault.  Count V asserts a state-law cause of action for battery against all defendants. Finally, plaintiff seeks attorneys' fees in his prayer for relief in each Count of his Complaint.

<u>FACTS</u>

Taking all of the well-pled facts contained in the Complaint as true, as I am required to do under the standard of review applicable to a motion to dismiss, discussed above, the facts of this case are as follows.

On February 4, 2010 plaintiff Michael Tirado was an inmate at the Montgomery County Correctional Facility ("MCCF") in Eagleville, Montgomery County, Pennsylvania.  On that date, plaintiff was determined to be in possession of a cigarette lighter, which is considered contraband under MCCF policy. Plaintiff was taken from his cell, strip-searched and the cell he occupied was also searched.  Upon returning to his cell, and

-8-

while cleaning and straightening up, plaintiff inadvertently pushed a small bag of garbage out of his cell into the passageway of the cell block.

Upon observing the debris outside of plaintiff's cell, Corrections Officers Davis and Banks inquired regarding the source of the garbage.  Upon learning that it was plaintiff that had pushed the garbage from inside his cell, the two officers demanded that plaintiff clean it up.  After obtaining a broom and dust pan, plaintiff began sweeping up the debris with the help of another inmate.  While cleaning up the debris, the broom slipped from plaintiff's hand and fell close to C.O. Davis, who caught the broom.

Although the broom did not strike C.O. Davis, he became angry with plaintiff and accused plaintiff of throwing the broom at him.  Corrections Officer Davis then threw the broom at plaintiff and punched plaintiff in the eye.  Plaintiff raised his hands and arms in a defensive position, and when he did so, C.O. Banks joined C.O. Davis and the two corrections officers began to beat plaintiff's head and torso.

Plaintiff fell to the ground and attempted to protect himself, but the officers began kicking plaintiff in the head and torso.  At one point, the officers attempted to lift plaintiff up by the back of his pants and shirt.  Plaintiff pleaded with the officers to stop beating him, but they ignored him.

Plaintiff was picked up by the officers and pushed toward the sally port hallway.  When plaintiff was sitting on the floor of the sally port hallway, he was handcuffed by C.O. Davis and after being handcuffed, C.O. Davis used his elbow to strike plaintiff's head and neck.  Moreover, while plaintiff was laying on the sally port floor, C.O. Banks used his foot to step on plaintiff's face.

When other corrections officers, who heard the commotion of the beating arrived, Corrections Officers Davis and Banks ceased beating plaintiff.  Among the officers who came to the sally port was Lieutenant Bates.  Upon seeing plaintiff's injuries, Lieutenant Bates directed that plaintiff be taken to the medical department immediately.  Although badly beaten, plaintiff was able to walk to the medical department with some difficulty.  Upon arrival at the medical department, plaintiff was cleaned upon by the duty nurses who wiped the blood off his face and arms and sutured an open wound.

After having his injuries attended to, plaintiff went to an office and spoke with Lieutenants Collins and Griffin and attempted to explain what happened.  Plaintiff maintained that he had done nothing wrong, but the two Lieutenants told plaintiff they did not believe him and placed blame on plaintiff for the incident.  Plaintiff was then taken to administrative segregation ("the hole") where he remained for ten days.

At no time did plaintiff make any menacing or threatening movements or gestures toward defendants Davis or Banks to warrant the beating and administrative segregation he was forced to endure.

Defendants Davis and Banks would not have beaten and kicked plaintiff, and then placed blame on plaintiff for the incident if they had been properly trained and supervised in the proper and improper use of physical force upon an inmate.

Furthermore, defendant Montgomery County acted or failed to act with deliberate indifference to plaintiff's right to be free from the use of excessive force by failing to train and supervise defendants Davis and Banks in the proper and improper use of physical force in controlling inmates.

Finally, as a direct and proximate result of Montgomery County's failure to properly train and supervise its corrections officers, defendants Davis and Banks viciously and wantonly beat, kicked and punched plaintiff in his head, neck and torso, thereby causing plaintiff pain and suffering prohibited by the protections of the Eighth Amendment to be free from cruel and unusual punishment.

CONTENTIONS OF THE PARTIES

Contentions of Defendants

Defendants seek dismissal of that portion of Count I of plaintiff's Complaint alleging failure to state a claim upon

which relief can be granted concerning plaintiff's claim against defendant Montgomery County for failure to train and supervise defendants Davis and Banks under <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Specifically, defendants argue that the averments of plaintiff's Complaint are not sufficient to establish a plausible claim that a County policy or custom was the moving cause of the February 4, 2010 incident under <u>Monell</u>. Furthermore, defendants seek dismissal of plaintiff's claims in Count I against defendants Davis and Banks in their official capacity. Defendants do not seek to dismiss plaintiff's § 1983 claim against defendants Davis and Banks in their individual capacity.

Defendants contend that Count II of plaintiff's Complaint alleging a violation of Article I, § 13 of the Pennsylvania Constitution must be dismissed with prejudice for failure to state a claim upon which relief can be granted because defendant contends that Pennsylvania law does not recognize a civil cause of action for violation of the Pennsylvania Constitution.

Defendants assert that Count III of plaintiff's Complaint alleging a cause of action for negligence must be dismissed with prejudice for failure to state a claim upon which relief can be granted because the allegations of negligence in plaintiff's Complaint do not fall within any of the eight

exceptions of defendants' governmental immunity under the Pennsylvania Subdivision Tort Claims Act ("Tort Claims Act"), 42 Pa.C.S.A. § 8542(b)(1) through (b)(8) and pursuant to 42 Pa.C.S.A. § 8545.

Defendants further contend that Count IV (assault) and Count V (battery) should be dismissed with prejudice for failure to state a claim upon which relief can be granted regarding defendant Montgomery County and C.O. Davis and C.O. Banks, in their official capacities, because the County is not liable for the intentional torts of its employees, and suing the officers in their official capacities is equivalent to suing the municipality itself.

Finally, defendants contend that plaintiff is barred as a matter of law from seeking attorneys' fees for his state-law claims (Counts II through V) absent specific statutory authorization or an agreement between the parties, to which there is none.  Thus defendants seek to strike the request for attoney's fees contained in the prayer for relief sections of Counts II through V.

<u>Contentions of Plaintiff</u>

Plaintiff contends that he has sufficiently stated a claim in Count I for violation of his Eighth Amendment rights against defendant Montgomery County seeking redress under § 1983 for failure to train and supervise defendants Davis and Banks.

Plaintiff asserts that pursuant to the decision of the Superior Court of Pennsylvania in <u>Commonwealth v. Vosberg</u>, 393 Pa.Super. 416, 574 A.2d 679 (Pa.Super. 1990), there is a private cause of action under Article I, § 13 of the Pennsylvania Constitution.  Thus, plaintiff argues that he has stated a claim upon which relief can be granted in Count II of his Complaint.

Regarding the negligence claim contained in Count III of the Complaint, plaintiff concedes that defendant Montgomery County should be dismissed from the lawsuit.  However, plaintiff contends that he did not specifically state in Count III that defendants Davis and Banks are sued in their official capacity.  Thus, plaintiff argues that his negligence claim is brought against defendants Davis and Banks in their individual capacity and there is nothing that bars such a negligence against them individually.

Plaintiff concedes that defendant Montgomery County should be dismissed as a defendant in Counts IV and V of his Complaint.  However, plaintiff contends that he has stated a claim upon which relief can be granted against defendants Davis and Banks in both their individual and official capacities.

Finally, plaintiff contends that he is entitled to seek attorneys' fees, if successful, regarding his § 1983 claim, which defendant does not dispute.  However, plaintiff does not

specifically address defendants' contention that plaintiff cannot recover attorneys' fees on his state law claims.

<u>DISCUSSION</u>

<u>Count I-Section 1983</u>

Plaintiff's constitutional claims are actionable against defendants through 42 U.S.C. § 1983.  Section 1983 is an enabling statute that does not create any substantive rights, but provides a remedy for the violation of federal constitutional or statutory rights.  <u>Gruenke v. Seip</u>, 225 F.3d 290, 298 (3d Cir. 2000).  Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Thus, to state a claim under Section 1983, a plaintiff must demonstrate that defendant, acting under color of state law, deprived plaintiff of a federal constitutional or statutory right.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420, 428 (1986); <u>Chainey v. Street</u>, 523 F.3d 200, 219 (3d Cir. 2008) (quoting <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006)).

-15-

A defendant acts under color of state law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40, 49 (1988); Bonenberger v. Plymouth Township, 132 F.3d 20, 23 (3d Cir. 1997).

### Monell Claim

To establish a Monell claim against Montgomery County under Section 1983, plaintiff must show "(1) the existence of a custom or policy of the municipality and (2) that the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy."  Winslow v. The Borough of Malvern Pennsylvania, 2009 WL 4609590, at *6 (E.D.Pa. December 7, 2009)(DuBois, J.)(citing Monell, supra.)

A municipality's failure to adequately train its officers and employees gives rise to a cause of action under Section 1983 if the deficient training reflects a deliberate indifference to an individual's civil right  and is "closely related to the ultimate injury."[2]  Kline ex rel Arndt v. Mansfield,  255 Fed.Appx. 624, 629 (3d Cir. 2007)(citing

---

[2]     Mere proof that an injury could have been avoided if the municipal officer or employee "had better or more training is not enough to show municipal liability" under a "failure to train" Monell claim.  Kline, 255 Fed.Appx. at 629 (citing Harris, 489 U.S. at 391, 109 S.Ct. at 1205, 103 L.Ed.2d at 427-428).  Instead, plaintiff must show that the training deficiency was the actual cause of the violation of plaintiff's civil rights.  Harris, 489 U.S. at 390, 109 S.Ct. at 1205, 103 L.Ed.2d at 427-428; Wolosyzn v. County of Lawrence, 396 F.3d 314, 325 (3d Cir. 2005).

City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197,
1206, 103 L.Ed.2d 412, 428 (1989)); see McGovern, 554 F.3d at
120-122.

    The Third Circuit has noted that establishing municipal
liability on a Monell claim for inadequate training is difficult.
Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).
Generally, deficient training can only amount to the requisite
deliberate indifference "where the failure to train has caused a
pattern of violations."  Berg v. County of Allegheny,
219 F.3d 261, 276 (3d Cir. 2000).

    However, an exception exists and a "failure to train"
Monell claim may proceed absent a pattern of violations only
where (1) "a violation of federal rights may be a highly
predictable consequence of a failure to equip [corrections]
officers with specific tools [or skills] to handle recurrent
situations," and (2) the likelihood of recurrence and
predictability of the violation of a citizen's rights "could
justify a finding that [the] policymakers' decision not to train
an officer reflected 'deliberate indifference' to the obvious
consequence of the policymakers' choice – namely, a violation of
a specific constitutional or statutory right."  Kline,
255 Fed.Appx. at 629 (quoting Board of County Commissioners of
Bryan County v. Brown, 520 U.S. 397, 409, 117 S.Ct. 1382, 1391
137 L.Ed.2d 626, 642 (1997)).

-17-

Plaintiff's purported cause of action under § 1983 in Count I against Montgomery County alleges a violation of his rights but fails to state whether his "failure to train and supervise" <u>Monell</u> claim is brought under either a "pattern of violations" theory or a "single violation" theory.  Paragraphs 11-13, 46, 48-49 and 51-52 all allege that defendant Montgomery County failed to properly train and supervise defendants Davis and Banks in the proper and improper use of physical force in controlling inmates housed at MCCF.

Furthermore, plaintiff alleges that the allegedly deficient training constitutes deliberate indifference to his rights, and is a policy, custom or practice of Montgomery County for purposes of imposing municipal liability.  Plaintiff does not aver any particular facts regarding the supervision of defendants Davis and Banks.

**Pattern-of-Violations Theory**

Regarding a "pattern of violations" theory, the Complaint is devoid of any reference to any other incident involving plaintiff or any other person, wherein a Montgomery County Corrections Officer or employee used excessive force in controlling an inmate.  The paragraphs alleging deficient training and supervision mention no other person, nor citizens generally, whose rights were violated because of Montgomery County's deficient training.

-18-

Furthermore, the Complaint does not plead facts sufficient to show, or support a reasonable inference, that defendants Davis and Banks actions were anything more than a one-time occurrence.  The facts pled describe a single incident, which is by definition insufficient, pursuant to Twombly, supra, to state a "failure to train" or a "failure to supervise" Monell claim under a "pattern of violations" theory.

### Single-Violation Theory

The Complaint is sufficient in part, and deficient in part, regarding a "single violation" theory.  Plaintiff avers lack of adequate training and supervision in the area of the proper and improper use of force in controlling inmates.  Occasions for officer-inmate interaction likely recur in the course of the day at a prison, perhaps even with sufficient frequency to make training and supervising officers on handling them desirable.

Averments supporting that position are required for plaintiff to state a "failure to train" or a "failure to supervise" Monell claim against Montgomery County for violation of his Eighth Amendment rights based on a "single violation" theory.[3]

---

[3]     Plaintiff must include factual averments showing or supporting a reasonable inference that "the deficiency in training [or supervision] actually caused [C.O. Davis and C.O. Banks'] indifference" to plaintiff's

(Footnote 3 continued):

-19-

Plaintiff's averments do show, or support, a reasonable inference that Montgomery County's failure to train its officers (in the proper and improper use of physical force upon inmates) caused C.O. Davis and C.O. Banks. to beat, kick and physically injure plaintiff.  Here, plaintiff asserts that Montgomery County's training and supervision is deficient in the proper and improper use of physical force upon inmates.  Plaintiff's Complaint does contain an averment that the training deficiency caused defendants Davis' and Banks' actions alleged in this case. Moreover, the nature of the averments regarding the deficient training do support a reasonable inference that the former caused the latter.

Unlike plaintiff's "failure to train" claim where plaintiff identifies the training involved (lack of training in

---

(Continuation of footnote 3):

Eighth Amendment rights.  Harris, 498 U.S. at 391, 109 S.Ct. at 1206, 103 L.Ed.2d at 428.

The United States Supreme Court described the requisite causation analysis as follows:

Would the injury have been avoided had the employee been trained under a program that was not deficient in the identified respect?  Predicting how a hypothetically well-trained officer would have acted under the circumstances may not be an easy task for the factfinder, particularly since matters of judgment may be involved, and since officers who are well trained are not free from error and perhaps might react very much like the untrained officer in similar circumstances.  But the judge and jury, doing their respective jobs, will be adequate to the task.

Id.

the proper and improper use of physical force in controlling
inmates), plaintiff has not provided any factual basis for his
"failure to supervise" claim.  Specifically, the Complaint
contains no facts related to the supervision of defendants Davis
and Banks other than the conclusory statements that Montgomery
County did not properly train or supervise.  Unlike plaintiff's
"failure to train" claim, plaintiff has provided no facts
regarding the circumstances of the supervision of defendants
Davis and Banks.  Thus, the conclusory nature of the averments
regarding the deficient supervision and the actions of defendants
Davis and Banks do not support a reasonable inference that the
former caused the latter.

Because the Complaint does state a "failure to train"
Monell claim on a "single violation" theory, I deny that portion
of defendants' motion to dismiss for failure to state a Section
1983 Monell claim against Montgomery County for violating
plaintiff's Eighth Amendment rights based upon a "single
violation" "failure to train" theory.

However, because the Complaint does not state a
"failure to supervise" Monell claim on either a "pattern of
violations" or a "single violation" theory, I grant defendants'
motion and dismiss plaintiff's claim for failure to state a
Section 1983 Monell claim against Montgomery County for violating
plaintiff's Eighth Amendment rights.

I grant plaintiff leave to amend his Complaint to clearly aver the factual basis for a "failure to supervise" Monell claim against Montgomery County. In addition, I grant plaintiff leave to amend his Complaint regarding a "failure to train" claim based upon a pattern of violations.[4]

### Count II-Violation of Article I, § 13 of the Pennsylvania Constitution

In Count II of his Complaint, plaintiff alleges that all defendants have violated Article I, § 13 of the Pennsylvania Constitution, which prohibits the infliction of cruel punishments.

Defendants contend that the Pennsylvania Constitution does not confer a private right of action for money damages for violations of the state constitution. Defendants rely on the decision of the Commonwealth Court of Pennsylvania in Jones v. City of Philadelphia, 890 A.2d 1188, 1208 (Pa.Commw. 2006) and other cases from this district[5] for this proposition.

---

[4]    If plaintiff chooses to amend his Complaint regarding his "failure to supervise" Monell claim, he should clarify whether he is pursuing his "failure to supervise" claim under a "pattern of violations" theory, a "single violation" theory, or both, and aver sufficient facts to support the theory or theories pursued. Because I am permitting plaintiff to amend his Complaint on the "failure to supervise" claim under either theory, I will also permit plaintiff to amend his "failure to train" claim under a pattern of violations theory, if applicable.

[5]    Pollarine v. Boyer, 2005 WL 1806481 (E.D.Pa. July 29, 2005) (Surrick, J.); Morris v. Dixon, 2005 U.S.Dist. LEXIS 7059 (E.D.Pa. Apr. 20, 2005) (Pratter, J.); Kaucher v. County of Bucks, 2005 U.S.Dist LEXIS 1679 (E.D.Pa. Feb. 7, 2005) (Kelly, S.J.); Mulgrew v. Fumo, 2004 U.S.Dist. LEXIS 14654 (E.D.Pa. July 29, 2004) (J.M. Kelly, S.J.).

On the contrary, plaintiff's assert that Pennsylvania courts have entertained claims seeking redress for violations of Article I, § 13 of the Pennsylvania Constitution.[6]  Thus, because Pennsylvania courts have entertained claims seeking redress for violations of Article I, § 13, plaintiff argues that this court may do so as well.  I disagree.

Initially, the <u>Vosberg</u> and <u>Smith</u> cases cited by plaintiff are appeals from criminal cases where defendants sought relief from their respective criminal convictions and not a civil case where plaintiff is seeking money damages for a violation of his rights under the Pennsylvania Constitution.  Thus, I find these two cases inapposite.

More importantly, I find the recent decision of the United States Court of Appeals for the Third Circuit in <u>Pocono Mountain Charter School v. Pocono Mountain School District</u>, 442 Fed.Appx 681 (3d Cir. 2011) very instructive.  In <u>Pocono Mountain</u>, a case where the Third Circuit was reviewing the trial court's grant of a motion to dismiss, Circuit Judge Margorie O. Rendell, writing for the court stated: "The District Court properly dismissed the plaintiffs' claims for monetary relief under the Pennsylvania Constitution.  No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private

---

[6]      See <u>Commonwealth v. Vosberg</u>, 393 Pa.Super. 416, 574 A.2d 679 (Pa.Super. 1990); <u>Commonwealth v. Smith</u>, 732 A.2d 1226 (Pa.Super. 1999).

cause of action for damages under the Pennsylvania Constitution." 442 Fed.Appx. at 687; citing <u>Jones</u>, 890 A.2d at 1208.

My research reveals that no Pennsylvania state court, nor any federal court located in the Commonwealth of Pennsylvania, of which I am aware, has ever recognized a private cause of action for money damages based upon a violation of the Pennsylvania Constitution. Thus, I conclude that absent action by the Supreme Court of Pennsylvania or the Pennsylvania legislature, no private cause of action for money damages exists for violation of the Pennsylvania Constitution.

Accordingly, I grant defendants' motion to dismiss in its entirety Count II of plaintiff's Complaint alleging a violation of  Article I, § 13 of the Pennsylvania Constitution.

<u>Count III-Negligence</u>

In Count III of his Complaint, plaintiff avers a state-law claim alleging negligence on the part of all defendants. Defendants assert that all three defendants are immune from all tort liability for a claim of negligence under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §§ 8541-8564.

Plaintiff concedes that defendant Montgomery County is immune from liability in Count III and agrees that Montgomery County should be dismissed as a defendant regarding Count III. However, plaintiff contends that there is nothing that bars his

-24-

negligence claims against defendants Davis and Banks in their individual capacities.  I disagree.

Pennsylvania's Political Subdivision Tort Claims Act establishes that local agencies such as Montgomery County, and their employees are generally immune from all tort liability causes by an act of the agency or by an employee.[7]  However, there are eight narrow exceptions for specific types of negligence.  These eight exceptions, which are narrowly construed[8], exist only for claims of negligence relating to: (1) operation of a vehicle; (2) injury causes to personal property in a bailment situation; (3) injury caused by the care, custody or control of real property; (4) dangerous conditions of trees, traffic controls and streetlights; (5) dangerous conditions of utility service facilities; (6) dangerous conditions of streets; (7) dangerous conditions of sidewalks; and (8) injury caused by the care, custody or control of animals.  42 U.S.C. §§ 8542(b)(1)-(b)(8).

In addition, in the context of a negligence claim, employees of the local agency enjoy the same immunity that the local agency enjoys.  Section 8545 of the Tort Claims Act provides:

### § 8545.   Official liability generally

An employee of a local agency is liable for

---

[7]   See 42 Pa.C.S.A. § 8541.

[8]   Lory v. City of Philadelphia, 544 Pa. 38, 674 A.2d 673 (Pa. 1996).

> civil damages on account of any injury to a person
> or property caused by acts of the employee which
> are within the scope of his office or duties only
> to the same extent as his employing local agency
> and subject to the limitations imposed by this
> subchapter.

42 Pa.C.S.A. § 8545.

Furthermore, because plaintiff has already conceded that defendant Montgomery County should be dismissed as a party to this lawsuit[9], it is illogical in the face of § 8545 for plaintiff to argue that his negligence claim against defendants Davis and Banks are not barred as well.  Notwithstanding plaintiff's position, and based upon the decision of my colleague United States District Judge Joel H. Slomsky in Thompson v. Wynnewood of Lower Marion Township, 2012 U.S.Dist LEXIS 130742 (E.D.Pa. Sept. 13, 2012) and the decision of my former colleague United States District Judge James T. Giles in Cooper v. City of Chester, 810 F.Supp. 618 (E.D.Pa. 1992), I conclude that both defendant Montgomery County and defendants Davis and Banks as employees of Montgomery County, are immune from suit based on plaintiff's negligence claim.

In both cases, Judge Slomsky and Judge Giles concluded that unless a claim of negligence arises under one of the exceptions enumerated in §§ 8542(b)(1)-(b)(8), both the local

---

[9]     See Plaintiff's Response in Opposition to Defendants Montgomery County, C.O. Davis and C.O. Banks for the Partial Dismissal of Plaintiff's Complaint, at page 12.

agency and its employees are immune from tort suits based upon a claim for negligence.  I agree.

Accordingly, I grant defendants' motion to dismiss plaintiff's claim for negligence and dismiss Count III of plaintiff's Complaint in its entirety.

<u>Count VI-Assault and Count V-Battery</u>

In Count IV (Assault) and Count V (Battery) of his Complaint, plaintiff asserts state-law claims for the intentional torts against defendant Montgomery County and defendants Davis and Banks.  Defendants contend that defendant Montgomery County is immune from suit under the Tort Claims Act and defendants Davis and Banks are immune from suit in their official, but not individual capacities.

Plaintiff concedes that defendant Montgomery County should be dismissed from this lawsuit[10], but contends that defendants Davis and Banks can be sued for intentional torts in both their individual and official capacities.  I agree in part and disagree in part.

Initially, defendants Davis and Banks do not contest that they may be sued for assault and battery, each in their individual capacity.  Defendants' motion to dismiss does not

---

[10]   See Plaintiff's Response in Opposition to Defendants Montgomery County, C.O. Davis and C.O. Banks for the Partial Dismissal of Plaintiff's Complaint, at page 13.

address the individual claims for assault and battery against defendants Davis and Banks.

Regarding plaintiff's claims against defendants Davis and Banks, acting in their official capacities, it is well-settled that where a lawsuit names a governmental entity and also names an employee or official of that entity in his or her official capacity, the official capacity claim is no different that the claim against the governmental entity.

In <u>Kentucky v. Graham</u>, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) the United States Supreme Court clearly defined the difference between personal or individual capacity actions and official capacity actions.  There, the Supreme Court stated:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of law.  Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent."  As long as the government entity receives notice and an opportunity to be respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party in interest is the entity.

473 U.S. at 165-166, 105 S.Ct. at 3103, 87 L.Ed.2d at 121 (citations omitted)(emphasis in original); See also <u>Bittner v. Snyder County</u>, 345 Fed.Appx 790 (3d Cir. 2009).

Because plaintiff concedes that the claims of defendant Montgomery County should be dismissed from Counts IV and V of the

-28-

Complaint, he is inherently conceding that the claims in Counts IV and V against defendants Davis and Banks in their official capacities should also be dismissed because claims against Davis and Banks in their official capacity are claims against defendant Montgomery County.  <u>Graham</u>, <u>supra</u>.

Accordingly, I grant defendants' motion to dismiss plaintiff's claims for assault (Count IV) and battery (Count V) against defendant Montgomery County and defendants Davis and Banks in their official capacities.

<u>Attorneys' Fees</u>

Finally, defendants seek to dismiss plaintiff's request for attorneys' fees as an item of damages in Counts II through V. Defendants argue that there is no statutory or contractual provision permitting the award of attorneys' fees on any of the state-law causes of action in Counts II through V.  Specifically, defendants contend that the Supreme Court of Pennsylvania has made it clear that the general American Rule is that there can be no recovery of attorneys' fees from an adverse party, absent express statutory authorization, a clear agreement by the parties or some other established exception.  See <u>Merlino v. Delaware County</u>, 556 Pa. 422, 728 A.2d 949 (Pa. 1999).

On the contrary, plaintiff contends that because he may ultimately prevail against defendants Davis and Banks and defendant Montgomery County will be required to indemnify them

-29-

for all damages, including attorneys fees, it is proper to seek attorneys' fees from defendants on the state-law claims.   I disagree.

Attorneys fees are provided for in plaintiff's § 1983 claim by way of 42 U.S.C. § 1988.   Thus, if plaintiff is successful on his § 1983 claim, he may be able to collect attorneys fees by statute.   However, I am aware of no statute, agreement of the parties, or any applicable exception, and plaintiff has not indicated there is any, which permits plaintiff to collect attorneys' fees for his state-law claims.   Thus, I agree with defendants that Pennsylvania subscribes to the American Rule and that absent any of those things, plaintiff is not permitted to seek attorneys' fees for his remaining state law claims (Count IV) and (Count V) against defendants Davis and Banks in their individual capacities.

Accordingly, I grant defendants' motion to dismiss plaintiff's request for attorneys' fees contained in Counts IV and V of plaintiff's Complaint.[11]

<u>CONCLUSION</u>

For all the foregoing reasons, I grant in part and deny in part defendants' motion to dismiss.   I deny defendants' motion to dismiss Plaintiff's <u>Monell</u> claim alleging a failure to train based upon a single violation theory.   I grant defendants' motion

---

[11]     Because I have dismissed Counts II and III of plaintiff's Complaint in their entirety, above, it is unnecessary to do so here.

-30-

to dismiss Counts II and III in their entirety.  I grant
defendants' motion to dismiss Counts IV and V against defendant
Montgomery County and against defendants Davis and Banks in their
official capacity.  I grant defendants' motion to dismiss
plaintiff's request for attorneys' fees in Counts IV and V.

        Finally, while plaintiff's <u>Monell</u> claim against
Montgomery County for failure to train based a pattern of
violations theory and on a failure to supervise claim are each
dismissed, I grant plaintiff leave to file an Amended Complaint
to re-plead Count I consistent with this Opinion.