IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL TIRADO, | ) |
|                 Plaintiff | ) Civil Action |
| | ) No. 12-cv-00552 |
|     vs. | ) |
| | ) |
| MONTGOMERY COUNTY, PENNSYLVANIA, | ) |
|   a Political Subdivision of the | ) |
|   Commonwealth of Pennsylvania, | ) |
|   Operating as the Montgomery | ) |
|   County Correctional Facility; | ) |
| C.O. DAVIS, | ) |
|   Individually and in his | ) |
|   Professional Capacity as a | ) |
|   Correctional Officer at the | ) |
|   Montgomery County Correctional | ) |
|   Facility; and | ) |
| C.O. BANKS, | ) |
|   Individually and in his | ) |
|   Professional Capacity as a | ) |
|   Correctional Officer at the | ) |
|   Montgomery County Correctional | ) |
|   Facility, | ) |
| | ) |
|                 Defendants | ) |

O R D E R

NOW, this 28th day of March, 2012, upon consideration of the Motion of Defendants Montgomery County, C.O. Davis and C.O. Banks for the Partial Dismissal of Plaintiff's Complaint, which motion was filed together with a memorandum of law on March 9, 2012; upon consideration of Plaintiff's Response in Opposition to Defendants Montgomery County, C.O. Davis and C.O. Banks' for the Partial Dismissal of Plaintiff's Complaint, which response was filed together with a memorandum of law on March 23, 2012; and for the reasons expressed in the accompanying Opinion,

IT IS ORDERED that defendants' partial motion to dismiss is granted in part and denied in part.

IT IS FURTHER ORDERED that defendants' motion to dismiss that portion of Count I of plaintiff's Complaint alleging failure to train and supervise is granted in part and denied in part.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's failure to train claim contained in Count I against defendant Montgomery County based upon a "single violation" theory is denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's failure to train claim contained in Count I against defendant Montgomery County based upon a "pattern of violations" theory is granted without prejudice for plaintiff to file an amended complaint.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's failure to supervise claim contained in Count I against defendant Montgomery County based upon either a "single violation" or a "pattern of violations" theory is granted without prejudice for plaintiff to file an amended complaint.

IT IS FURTHER ORDERED that defendants' motion to dismiss Count II of plaintiff's Complaint alleging violation of Article I, § 13 of the Pennsylvania Constitution is granted.

IT IS FURTHER ORDERED that Count II of plaintiff's Complaint is dismissed with prejudice.

IT IS FURTHER ORDERED that defendants' motion to dismiss Count III of plaintiff's Complaint alleging a claim of negligence is granted.

IT IS FURTHER ORDERED that Count III of plaintiff's Complaint is dismissed with prejudice.

IT IS FURTHER ORDERED that defendants' motion to dismiss defendant Montgomery County and defendants Davis and Banks only in their official capacity, from Counts IV and V of plaintiff's Complaint alleging assault (Count IV) and battery (Count V) is granted.

IT IS FURTHER ORDERED that defendant Montgomery County and defendants Davis and Banks only in their official capacity, are dismissed from Counts IV and V of plaintiff's Complaint with prejudice.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's request for attorneys' fees from Count II through Count V is granted.

IT IS FURTHER ORDERED that the requests for attorneys' fees contained in Count II through Count V of plaintiff's Complaint are each dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff shall have until April 29, 2013 to file an amended complaint consistent with this Order and Opinion.

IT IS FURTHER ORDERED that this Order is without prejudice for defendants to file an appropriate motion to dismiss

plaintiff's amended complaint.

        <u>IT IS FURTHER ORDERED</u> that, in the event that plaintiff does not file an amended complaint by April 29, 2013, defendant shall have until May 17, 2013 to answer plaintiff's Complaint.

                            BY THE COURT:

                            <u>/s/ JAMES KNOLL GARDNER</u>
                            James Knoll Gardner
                            United States District Judge